HUMISTON, KEELING & CO. v. YORE.

1. EQUITY — JURISDICTION — FRAUDULENT CONVEYANCES — SALES — BULK SALES ACT.

A bill in equity may be maintained to reach the assets of a debtor that have been transferred or sold in violation of the statute governing sales of merchandise in bulk. Act

No. 223, Pub. Acts 1905 (2 How. Stat. [2d Ed.] § 2612 *et seq.*).[1]

2. SAME—LACHES—LIMITATIONS—DELAY—ESTOPPEL.
   Mere lapse of time will not defeat such a suit unless the defendants have been prejudiced by the delay.

3. SAME—DEFINITIONS.
   Laches involves negligence or omission to assert a right, which, considering the lapse of time, in connection with other facts and circumstances prejudicial to the interests of the adverse party, make it inequitable to recognize such right.

Appeal from Berrien; Perkins, J., presiding. Submitted June 5, 1914. (Docket No. 27.) Decided July 24, 1914.

Bill by Humiston, Keeling & Company against Catherine Yore, George C. Bridgman and others to enforce the provisions of the "Sales in Bulk Law." From a decree for defendants, complainant appeals. Reversed.

*Stratton & Evans,* for complainant.

*G. M. Valentine* for defendant Bridgman.

*Gore & Harvey,* for defendant Yore.

KUHN, J. The facts set forth in the bill of complaint in substance are as follows: The complainant, a wholesale druggist, between June 30 and December 16, 1906, sold goods to the defendant John A. Inman, who was a retail druggist in Benton Harbor, amounting in value to $390.04, which have never been paid for. On or about December 17, 1906, Inman sold his entire stock of goods and fixtures, of the actual value of $3,000, to the defendant Catherine Yore for the sum of $300, and she agreed that she would assume

---

[1] As to the remedy of creditors where sale is made in violation of bulk sales law, see note in 39 L. R. A. (N. S.) 374.

and agree to pay Inman's debts in connection with the store, which she was informed amounted to $800 or more. Immediately after this sale Inman left for parts unknown, leaving no property in the county or State, and, although the complainant, through its agents, made a diligent search for him during the month of January, 1907, and tried to locate him, he has not been seen nor heard of. On December 23, 1906, Mrs. Yore sold the stock of goods and fixtures to the defendant George C. Bridgman, who gave her indemnity against any indebtedness of Inman which she might be compelled to pay on account of her purchase of the stock and fixtures. It is alleged that Mrs. Yore claimed that in the purchase of the stock she was acting only as agent for defendant Bridgman. Neither in the sale from Inman to Mrs. Yore nor in the sale from Mrs. Yore to Bridgman were the provisions of the bulk sales law (Act No. 233, Pub. Acts 1905, 2 How. Stat. [2d Ed.] § 2612 *et seq.*), observed or followed. The material relief prayed for was:

That other creditors be permitted to intervene; that defendant Yore be decreed to hold in trust, for complainant and other creditors, the entire value and proceeds of the stock and fixtures received from Inman and sold to Bridgman; that she be decreed to pay the indebtedness of Inman to complainant, with interest; that, if defendant Yore was agent of defendant Bridgman, then that like decree be made against him; that the court determine the extent and amount of indebtedness of Inman to complainant and the value of the stock and fixtures sold.

Then follows a prayer for general relief. Separate demurrers were filed by the defendants, and complainant appeals from an order sustaining them. The questions which are now presented are stated in the brief for defendant Catherine Yore, as follows:

(1) The promises of defendant Yore to pay In-

man's debts were not an agreement upon which complainant can maintain a suit, either at law or in equity.

(2) Disregard of the bulk sales law does not confer jurisdiction upon a court of equity.

(3) Complainant's bill in chancery will not lie before judgment has been obtained against defendant Inman.

(4) Paragraph 24 of the bill of complaint does not make the case one for a court of equity.

(5) Defendants Yore and Bridgman are not trustees as contended in brief for complainant.

(6) Complainant was guilty of such laches as should preclude it from maintaining the bill of complaint.

Does the admitted violation of the bulk sales act give the equity court jurisdiction under the circumstances of this case? This question, which has been somewhat perplexing to the profession, is passed on in the case of *Coffey* v. *McGahey, ante,* 225 (148 N. W. 356). It is held that equity has jurisdiction, and it is said:

"To deny jurisdiction to a court in equity would be contrary to a fair interpretation of this statute, which, by its title and the language used in it, indicates that it was enacted for the purpose of preventing frauds by debtors upon creditors, and made certain transfers 'void as against the creditors of the seller,' if the requirements of the act were ignored, and, further, made the purchaser in such cases a 'receiver' to be held accountable to the creditors of the seller upon application of any of such creditors."

This bill is filed on behalf of the complainant and all creditors of defendant Inman. As in the *Coffey* v. *McGahey Case:*

"The bill of complaint is not filed upon the theory of a judgment creditor's bill, or a bill in aid of execution, but upon the theory that the statute made the transfer to defendant Baker absolutely void as to creditors; that creditors of McGahey are entitled to

reach this property and apply it upon their claims; that for such purpose it is necessary to have a receiver, an injunction, and an accounting. It is contended by complainant that by reason of the circumstances of this case he has no adequate remedy at law."

We are satisfied that the instant case comes within the ruling of that case, and that the court of equity has jurisdiction to grant relief to creditors.

The mere lapse of time in complainant's filing this bill does not constitute laches. The status of neither of the defendants Mrs. Yore or Bridgman has changed, and the delay has not put them in a worse condition. No rights of third parties have intervened. As was said in *Walker* v. *Schultz,* 175 Mich. 280, 293 (141 N. W. 543):

" 'Laches,' as interpreted by courts of equity, is not tested by mere delay for a certain period, as in case of the statute of limitations, but is such unreasonable neglect to assert and seek to enforce a right as will constitute in equity and good conscience a bar to recognition. If lapse of time without asserting their rights, standing alone, constituted laches in this case, it is by no means unilateral, and is imputable alike to both parties. But mere lapse of time does not necessarily constitute laches. As a rule it involves other considerations. It means that negligence or omission to assert a right which, considering the lapse of time in connection with other facts and circumstances prejudicial to the interests of the adverse party, render it unjust and inequitable to recognize such right when finally asserted. In this case the condition of the title to the property was such that both parties had rights which they might have asserted, but failed to do so for a certain time. Where the situation of neither party has changed materially, and the delay of one has not put the other in a worse condition, the defense of laches cannot as a rule be recognized. *Parker* v. *Hotel Co.,* 96 Tenn. 252 (34 S. W. 209, 31 L. R. A. 706)."

Being of the opinion that the bill makes a case for

the appointment of a receiver, the order sustaining the demurrer is reversed, with costs of both courts, and the record will be remanded for further proceedings in accordance with the rules of the court.

McALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.