HUMISTON, KEELING & CO. *v.* BRIDGMAN.

1. JUDGMENT — PARTIES — GARNISHMENT — EQUITY — BULK-SALES LAW.

That a defendant in garnishment proceedings, improperly joined with the present defendants, against whom the case never came to issue, had the judgment against him reversed, is no bar to a proceeding in equity to reach the assets of a debtor transferred to defendants in violation of the bulk-sales law (Act No. 223, Pub. Acts 1905, 2 Comp. Laws 1915, § 6346 *et seq.*), said defendant not being a party to the present proceedings.[1]

2. SAME—GARNISHMENT—EQUITY—PROCEEDINGS—ISSUES FRAMED.

The doctrine of former adjudication in the garnishment proceedings does not apply where no summons to show cause was taken out against defendants, no declaration filed, and no issue formed or tried as to their liability; and the fact that their liability might have been determined is no bar to the present proceedings.

3 ELECTION OF REMEDIES—JUDGMENT—ESTOPPEL.

The mere bringing of an action which has been dismissed before judgment, and in which no element of estoppel *in pais* has arisen, is not an election of remedies.

[1]As to remedy of creditors where sale is made in violation of bulk-sales law, see notes in 39 L. R. A. (N. S.) 374; L. R. A. 1916B, 974.

4. SAME—ALTERNATIVE REMEDIES—ESTOPPEL.

> Where remedies are not inconsistent, but are alternative, there is no election until one has been prosecuted to judgment, unless the plaintiff has gained an advantage or the defendant suffered a disadvantage; but where the demands are inconsistent the election of one right of action is an estoppel to the subsequent assertion of the other.

5. SAME—PLEA IN ABATEMENT— GARNISHMENT — EQUITY — BULK-SALES LAW—ESTOPPEL.

> Garnishment proceedings are not inconsistent with proceedings in equity to reach the assets of a debtor transferred in violation of the bulk-sales law, and the mere commencement of a garnishment suit against the same defendants without bringing it to judgment was not an election of remedies constituting a bar to the present proceedings.

Appeal from Berrien; Collingwood, J., presiding. Submitted January 8, 1917. (Docket No. 58.) Decided March 29, 1917.

Bill by Humiston, Keeling & Company against George C. Bridgman and others to enforce the provisions of the "Sales in Bulk Law." From an order overruling the pleas in abatement of defendants Bridgman and Yore, said defendants appeal. Affirmed.

*George M. Valentine,* for appellant Bridgman.

*Gore & Harvey,* for appellant Yore.

*Stratton & Evans,* for appellee.

KUHN, C. J.  We have previously considered one feature of this litigation when the case was before us upon the question of the equity jurisdiction. It is reported in 181 Mich. 629 (148 N. W. 266), and the facts contained in the bill of complaint are quite fully set forth in the opinion reversing the order of the lower court sustaining a demurrer to the bill and the

contention that the bill made a case for the appointment of a receiver. For a proper understanding of the case it is necessary to restate some of the material facts, which are taken from the previous opinion:

"The complainant, a wholesale druggist, between June 30 and December 16, 1906, sold goods to the defendant John A. Inman, who was a retail druggist in Benton Harbor, amounting in value to $390.04, which have never been paid for. On or about December 17, 1906, Inman sold his entire stock of goods and fixtures, of the actual value of $3,000, to the defendant Catherine Yore for the sum of $300, and she agreed that she would assume and agree to pay Inman's debts in connection with the store, which she was informed amounted to $800 or more. Immediately after this sale Inman left for parts unknown, leaving no property in the county or State, and, although the complainant, through its agents, made a diligent search for him during the month of January, 1907, and tried to locate him, he has not been seen nor heard of. On December 23, 1906, Mrs. Yore sold the stock of goods and fixtures to the defendant George C. Bridgman, who gave her indemnity against any indebtedness of Inman which she might be compelled to pay on account of her purchase of the stock and fixtures. It is alleged that Mrs. Yore claimed that in the purchase of the stock she was acting only as agent for defendant Bridgman. Neither in the sale from Inman to Mrs. Yore nor in the sale from Mrs. Yore to Bridgman were the provisions of the bulk-sales law (Act No. 223, Pub. Acts 1905, 2 How. Stat. [2d Ed.] § 2612 et seq.) observed or followed."

When the case came back to the circuit court, pleas in abatement were filed by the defendants Yore and Bridgman. The pleas alleged, in substance: That in January, 1907, the plaintiff commenced a suit against John A. Inman in the justice's court, and that simultaneously suit was commenced against Patrick Yore, Catherine Yore, and George C. Bridgman as garnishee defendants. That judgment was obtained against the principal defendant, which was not appealed from,

and that garnishee defendant Patrick Yore filed a disclosure, and judgment was obtained against him, from which judgment he appealed to the circuit court, where a judgment was given for him and against the plaintiff. That after disclosure the cause as to defendants Catherine Yore and George C. Bridgman was continued without day, and no show-cause summons was issued, nor any further proceedings taken against them. It is further alleged that all proceedings against the defendants named in the pleas were taken under Act No. 223, Pub. Acts 1905, known as the bulk-sales law (2 Comp. Laws 1915, § 6346).

The plaintiff noticed the pleas for argument, which, under the practice then in force, it was agreed by both sides, amounted to demurrers to the pleas. The pleas being overruled by the trial judge, the defendants appeal to this court.

It is the contention of counsel for appellants that the pleas should have been sustained on two grounds:

(1) That complainant, having a right to bring an action at law or a suit in chancery, brought its action at law, and thereby elected the remedy at law, and that complainant is bound by that election.

(2) That the matters here in suit have long ago been litigated and decided at law, and that the former adjudication is binding on complainants, and that the same cannot now be again litigated in chancery, especially in the absence of any showing in the bill that there were material facts not known to the complainant when it brought its suit at law.

It should be borne in mind that Patrick Yore is not a party to the present suit, and that therefore the obtaining of a judgment against him and his obtaining a reversal thereof on appeal does not, in our opinion, affect the question raised in this litigation, as the plaintiff's mistake in pursuing Patrick Yore as the purchaser from Inman does not bar it from pursuing the present defendants.

The question is: Does the doctrine of former adjudication apply to the defendants in this case, because of the action taken against them in the garnishment proceedings? It must be manifest that there could be no adjudication upon the merits of the question of the claimed liability of these two garnishee defendants until an issue has been tendered, joined, and determined. No summons to show cause was taken out against them within the time provided by the statute. Section 13412, 5 How. Stat. (2d Ed.) (3 Comp. Laws 1915, § 14374). No declaration was filed, and no issue formed or tried, as to their liability, as it is clear that this could not be done without the issuance of summons to show cause. It is argued that plaintiff might have litigated the question of defendants' liability in the garnishment proceedings; but the plaintiff, after obtaining full knowledge from the disclosure, did not see fit so to do.

The rule with reference to the election of remedies, which we think is applicable to the existing situation, is thus stated in 9 R. C. L. p. 961:

"But the more reasonable rule is that the mere bringing of an action which has been dismissed before judgment, and in which no element of estoppel *in pais* has arisen—that is, where no advantage has been gained or no detriment has been occasioned—is not an election. Where the remedies are inconsistent, the failure to secure satisfaction by means of the remedy adopted does not, it has been held, take the case out of the doctrine of election. * * * In that class of cases in which the remedies are not inconsistent, but are alternative and concurrent, there is no election until one of them has been prosecuted to judgment, unless the plaintiff has gained an advantage or the defendant has suffered a disadvantage. In some of the cases in this class it has been determined that there is no estoppel until satisfaction has been obtained."

The defendants make no showing that any advantage has been gained or disadvantage suffered because

of the proceedings at law. In our previous opinion (181 Mich., at page 633 [148 N. W. 266]) we said:

"The status of neither of the defendants Mrs. Yore or Bridgman has changed, and the delay has not put them in a worse condition."

In the case of *Mintz* v. *Jacob,* 163 Mich. 280, 283 (128 N. W. 211), this court said:

"It is the inconsistency of the demands which makes the election of one right of action an estoppel against the subsequent assertion of the other, and not the fact that the forms of action are different."

It is true that in the case at bar the forms of action are different, but there is no inconsistency in the demands, and in our opinion the mere commencing of an action, or resorting to one remedy, is no bar to the commencing of a different form of action, provided only that the remedial rights asserted in each instance are consistent. The theories of the two actions here in question seem to us to be entirely consistent. In the action at law the plaintiff relied upon the defendants' liability as garnishee defendants. In the present suit the plaintiff relies upon the defendants' liability as trustees for the plaintiff and other creditors of the value and proceeds of the goods obtained by Inman from plaintiff.

The circuit court judge was clearly right in overruling the pleas in abatement, and his order in so doing is therefore affirmed, with costs to the plaintiff.

Stone, Ostrander, Bird, Moore, Steere, Brooke, and Fellows, JJ., concurred.