BOLOGA *v.* PITSILLOS.

1. FRAUD—SALE OF BUSINESS—MISREPRESENTATION OF INCOME.
   Misrepresentation of income of a business is a material one and
   constitutes grounds for rescission of sale of business.

2. SAME—RESCISSION—TENDER—INTEREST.
   In action to recover money paid after rescission of contract to
   purchase a restaurant, plaintiff was entitled to judgment for
   money paid with interest from time of payment to defendant
   where it appears there had been a misrepresentation of income
   of the business and a proper and timely tender of return of
   the business.

3. ACTION—RELIEF—RETURN OF NOTES.
   In an action at law to recover money paid, brought after rescis-
   sion of contract of purchase of restaurant business, a court
   may not order return of notes plaintiff had given defendant as
   part payment of the purchase price.

Appeal from Wayne; Brennan (John V.), J., pre-
siding. Submitted January 12, 1944. (Docket No. 1,
Calendar No. 42,484.) Decided February 24, 1944.

Action by Victor Bologa against George Pitsillos
to recover purchase price after rescinding contract.
Judgment for defendant. Plaintiff appeals. Re-
versed and remanded for entry of judgment for
plaintiff.

*Herman J. Saulson,* for plaintiff.

BUTZEL, J. Victor Bologa, plaintiff, saw an ad-
vertisement for the sale of a restaurant in a Detroit
evening paper reading as follows:

Material misrepresentation to induce signing of contract renders
it voidable, see 2 Restatement, Contracts, § 471, comment d, § 476(1)
and § 479.

"CONEY ISLAND, next to a theater; $50 a day. $1,700. $500 down. 5436 Michigan."

Plaintiff had formerly worked for the Ford Motor Company but was not working at the time because of poor health. When he went to the address given, he met George Pitsillos, defendant and owner of the restaurant, who stated that the restaurant was located at 7326 Michigan avenue, Detroit. Plaintiff testified that defendant told him that the business was doing $50 a day as represented in the advertisement, that he relied upon this representation and believed it to be true. About six days after the appearance of the advertisement, plaintiff entered into a contract to purchase the restaurant, made a down payment of $700 instead of the $500 previously asked, gave two notes for $106 and assumed and agreed to pay the balance of $675 due a fixture company holding title-retention contract on the equipment. He retained the same help that defendant had previously employed for two days but found that defendant had paid them more than he had represented to plaintiff. He also learned shortly after purchasing the place that the gross receipts of the business had not been $50 a day but between $20 and $25. Some four days later he told defendant that he had misrepresented the business to him. Defendant replied that with proper effort the business would amount to $50 a day.

Plaintiff then made further attempts to run the restaurant but in the 13 days he tried to run it, the business averaged less than $25 a day. He offered the return of the business and assets to defendant and even expressed a willingness to take a lesser sum than he had paid. Plaintiff discontinued the business. He offered to return the restaurant to defendant. The fixture company repossessed itself of the fixtures. Plaintiff brought suit for the re-

turn of the money paid after the rescission of the contract. The case was tried without a jury. The judge held that the principle of *caveat emptor* applied and that there was not such proof of fraudulent material representations as would entitle plaintiff to rescind the sale; that the testimony was not sufficient so as to establish fraud; that there was no provision in the written contract of purchase as to the amount of business the restaurant had been doing, and that the testimony was insufficient to make the defendant a warrantor, if not an insurer, of the business purchased.

A careful reading of the record brings us to an opposite conclusion. A material representation in the advertisement that induced the sale was false. Plaintiff also testified without objection that defendant's former night cook had told him that the business had only amounted to between $20 and $25 a day. An office supervisor of the Michigan sales tax department testified that the official record consisting of the returns signed by defendant showed that for a period of six months prior to the sale the highest gross sales for a single month were $580.48 and for one month it ran as low as $391.65. This would show an average of much less than $20 a day.

Defendant, who was somewhat evasive in his testimony, was asked whether he did not insert the $50 figure in the advertisement for the purpose of fooling the buyer, replied "not exactly." Plaintiff made proper motion for new trial on the ground that the judgment was against the overwhelming weight of the evidence and upon its denial appealed.

We have frequently held that misrepresentation of income of a business is a material one and constitutes grounds for rescission. *John Schweyer & Co.* v. *Mellon,* 196 Mich. 590; *Poloms* v. *Peterson,* 249 Mich. 306; *Dorgan* v. *Birney,* 272 Mich. 145. We

find that the testimony shows that a proper return of the restaurant was tendered defendant. Plaintiff was not guilty of laches nor too hasty in rescinding.

The judgment of the lower court is reversed, with costs of both courts, and the case is remanded for entry of judgment for plaintiff for $700 and interest from the date of his first payment.

Plaintiff has asked that the notes amounting to $106 given to defendant be cancelled. While plaintiff in view of our opinion may have a good defense to the notes if they have not been indorsed before maturity to a bona fide holder for value, we cannot order the return of the notes in a suit at law.

NORTH, C. J., and STARR, WIEST, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.