### DILLON v. YANKEE.

1. APPEAL AND ERROR—CHANCERY CASE—DE NOVO REVIEW—WIT-
NESSES.

> The Supreme Court hears chancery cases *de novo* but does not
> reverse unless convinced that the decree does not accord with
> the just rights of the parties, giving considerable weight to
> the findings of the trial judge who has the advantage of see-
> ing and hearing the witnesses.

2. FRAUD—RESCISSION—EVIDENCE.

> Plaintiff purchasers of laundry business and equipment were
> properly found to be entitled to a return of the money they
> had paid on the purchase price, cancellation of the note and
> chattel mortgage, and return of the purchase money impounded
> with the court, where there is evidence that defendant had
> falsified the income and misrepresented the number of his
> regular customers, expense of operating the business and con-
> dition of the machinery.

Appeal from Kalamazoo; O'Hara (Chester P.), J.,
presiding. Submitted April 30, 1956. (Docket No.
43, Calendar No. 46,595.) Decided September 4,
1956.

Bill by Arthur Dillon, Carrie Dillon, Albert Boat-
right and Virginia Boatright against Stephen

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 814 *et seq.*
[2] 24 Am Jur, Fraud and Deceit §§ 195, 196.

Yankee to rescind purchase of laundry business. Decree for plaintiffs. Defendant appeals. Affirmed.

*Stanley, Stanley & Davidoff,* for plaintiffs.

*Victor E. Bucknell,* for defendant.

BOYLES, J. In this case plaintiffs filed a bill of complaint in the circuit court for Kalamazoo county in chancery to rescind a contract to purchase from the defendant a business known as the "Vicksburg Launderette" in said county, including washing machines, driers, a boiler, water softener and other fixtures, furniture and equipment of said business. Plaintiffs asked that defendant be enjoined from assigning or disposing of a chattel mortgage and promissory note given for part of the purchase price, that they be cancelled, and that the defendant be decreed to pay back the payments that plaintiffs had made.

Plaintiffs claimed they had been induced to enter into said transaction by misrepresentations and fraud. Issue was joined, testimony taken by the court, and a decree entered rescinding the entire transaction, cancelling the note and mortgage, and directing that the money paid by plaintiffs on the purchase price be paid back to them. Defendant appeals.

While the trial court, in a lengthy opinion, disregarded some of the testimony as representing future matters or constituting "seller's talk," he found other testimony to fully support the finding of said court that the defendant had misrepresented the facts, that the plaintiffs had sustained the burden of proving that the defendant was guilty of misrepresentation and fraud, and that it induced the purchase by the plaintiffs. The record here, which we consider *de novo,* shows that the defendant falsi-

fied the income from the business by showing false entries on the books;* that, instead of being new or in good working condition, much of the machinery was in a serious state of disrepair; that the defendant misrepresented the number of his regular customers, by furnishing a false list; that the expense of operating the business was far in excess of the amount claimed; that the purchase price was far in excess of the actual value of the property; that the plaintiffs had no knowledge of the business or means of knowing the falsity of defendant's representations or the falsity of the defendant's books which were relied on by the plaintiffs, and that all of this induced the plaintiffs to enter into the transaction. In an opinion in the record the trial court specifically detailed these facts, which led to the court's conclusion. Nothing of value to an opinion here would be added by an extended enumeration of the same.

For reversal appellant argues that the record fails to show that the defendant was guilty of misrepresentation or fraud. The trial court saw the witnesses, and heard the testimony of the plaintiffs and their several witnesses as well as that of the defendant in his own behalf. A review of the testimony is convincing that this Court would not have decided otherwise. While this Court hears chancery cases *de novo,* we do not reverse unless we find that the decree does not accord with the just rights of the parties. *Moore* v. *Moore,* 231 Mich 209; *Van Mourik* v. *First National Bank in Mt. Clemens,* 277 Mich 46. A trial court has the advantage of seeing and hearing the witnesses, and considerable weight will be given to his findings. *Quackenbush* v. *Quackenbush,* 305 Mich 704.

Plaintiffs were properly found to be entitled to a return of the money paid on the purchase price,

* See *Bologa* v. *Pitsillos,* 308 Mich 182; *Chmielewski* v. *Nau,* 324 Mich 375; *Saba* v. *Miller,* 327 Mich 363.

cancellation of the note and chattel mortgage, and return of the purchase money impounded with the court pending the case in court. *Lash* v. *Prokop*, 331 Mich 390.

Affirmed. Costs to appellees.

Dethmers, C. J., and Sharpe, Smith, Kelly, Carr, and Black, JJ., concurred.

Edwards, J., took no part in the decision of this case.