ZINK v WEINGARDEN

Docket No. 97047. Submitted February 8, 1988, at Detroit. Decided April 19, 1988.

Plaintiffs, Martin and Catherine Zink, purchased a hardware business from defendants, Donald and Maxine Weingarden. Plaintiffs stopped making payments and defendants were awarded a judgment for possession of the building in district court. Defendants also filed a suit against plaintiffs in Oakland Circuit Court seeking damages for breach of contract and injunctive relief. Plaintiffs also filed their own suit in the Oakland Circuit Court against defendants and a third party seeking rescission of the contract and damages for fraud. The circuit court actions were consolidated and the matter was set for mediation. The case was mediated in plaintiffs' favor in the amount of $9,000. Since that amount was below the circuit court's jurisdictional limit, the circuit court, David F. Breck, J., entered an order removing the case to the district court. The district court thereafter granted defendants' motion to strike plaintiffs' claim for rescission of the contract on the basis that the district court was without jurisdiction to grant equitable relief. Plaintiffs' attempt to have the case removed back to circuit court was then denied as being untimely. Plaintiffs then brought a second action in the Oakland Circuit Court against the instant defendants only, seeking the same remedies they had sought in the first action, including rescission of the contract. The circuit court, John N. O'Brien, J., granted defendants' motion for summary disposition on the basis that another action was pending between the parties involving the same claim. However, the summary disposition was without prejudice to plaintiffs' filing another complaint to be assigned to Judge Breck. Plaintiffs then filed a third action in Oakland Circuit Court, with a complaint virtually identical to the first two complaints and again seeking the equitable relief of rescis-

REFERENCES

Am Jur 2d, Actions § 7.
Am Jur 2d, Courts §§ 87 et seq., 128, 150, 154 et seq.
Necessity of real-estate purchaser's election between remedy of rescission and remedy of damages for fraud. 40 ALR4th 627.

sion of the contract. Defendants moved for summary disposition on the basis that another action was pending between the same parties. The trial court, David F. Breck, J., granted defendants' motion. Plaintiffs appealed from that order.

The Court of Appeals *held:*

1. The circuit court erred in ordering the case removed to district court in the first instance since the case contained a claim for equitable relief over which the district court had no jurisdiction.

2. Plaintiffs' claims for legal remedies in the district court do not preclude plaintiffs from seeking equitable remedies in circuit court against some or all of the same parties for claims arising out of the same events.

3. A prior action in district court does not preclude the pursuit of a subsequent action in circuit court where the district court would not have jurisdiction over the action subsequently filed in circuit court. A suit in district court seeking legal remedies does not preclude a party from maintaining a subsequent action in circuit court seeking equitable relief.

4. Plaintiffs may only maintain their action for equitable remedies, namely the rescission of the contract, in the circuit court since the district court action does preclude the pursuit of legal remedies in the circuit court on the basis that the other action is pending and by the operation of MCR 2.116(C)(6).

Reversed.

1. COURTS — ACTIONS — REMOVAL OF ACTIONS — JURISDICTIONAL LIMITS — EQUITABLE REMEDIES.

A circuit court errs in an action seeking rescission of a contract and damages for fraud in ordering the action removed to district court following a mediation award in plaintiff's favor in an amount below the circuit court's jurisdictional limit where the district court has no jurisdiction over the claim for equitable relief sought, rescission of a contract (MCR 4.003[B][3]; GCR 1963, 707.2).

2. COURTS — ACTIONS — LEGAL REMEDIES — EQUITABLE REMEDIES.

A plaintiff's claims for legal remedies in a district court do not preclude the plaintiff from seeking equitable remedies in circuit court against some or all of the same parties for claims arising out of the same events; a prior action in district court does not preclude the pursuit of a subsequent action in circuit court where the district court would not have jurisdiction over the action subsequently filed in circuit court.

3. COURTS — ACTIONS — ELECTION OF REMEDIES.

The mere commencing of an action in a separate forum or

resorting to one remedy, where the plaintiff has alternate remedies, is not a bar to commencing a different form of action; in such case, there is no election until one of them is pursued to judgment.

*James M. O'Reilly,* for plaintiffs.

*Weisman, Trogan, Young & Schloss, P.C.* (by *John A. Ruemenapp*), for defendants.

Before: J. H. GILLIS, P.J., and GRIBBS and SAW-YER, JJ.

PER CURIAM. The trial court granted defendants' motion for summary disposition against plaintiffs on their claim for the equitable relief of rescission of a contract on the basis that there was another action pending between the same parties on the same claim. MCR 2.116(C)(6). We reverse.

The instant appeal has its genesis in an error committed by the circuit court in removing a case from the circuit court to the district court following a mediation evaluation. Originally, the parties entered into a contract for the sale of defendants' hardware business to plaintiffs in 1982. Apparently, problems were encountered as plaintiffs stopped making payments on the contract approximately four months after taking possession of the business, resulting in defendants' receiving a judgment for possession of the building in district court. While defendants were seeking possession in district court, they also filed a suit against plaintiffs in the circuit court requesting damages for breach of contract and seeking injunctive relief. Prior to service of process in that suit, plaintiffs filed their own suit against defendants and a third party seeking rescission of the contract and damages for fraud. Plaintiffs' action was eventually consolidated with defendants' action and the mat-

ter was set for mediation. The case was mediated in plaintiffs' favor in the amount of $9,000. Because the mediation award was below the circuit court's jurisdictional limit, the circuit court entered an order removing the case to the district court.

To further complicate matters, at some point following the removal order, plaintiffs' original attorney was suspended from the practice of law, thus necessitating their retaining new counsel. Approximately twenty months later, in November, 1985, the district court granted a motion filed by defendants to strike plaintiffs' claim for rescission of contract on the basis that the district court was without jurisdiction to grant equitable relief. However, plaintiffs were permitted to pursue a removal back to circuit court, which was ultimately denied as being untimely. Thereafter, plaintiffs brought a second action in the Oakland Circuit Court against the instant defendants only, seeking the same remedies they had sought in the first action, including rescission of contract. In March, 1986, the circuit court granted defendants' motion for summary disposition on the basis that another action was pending between the parties involving the same claim; however, the summary disposition was without prejudice to plaintiffs' filing another complaint to be assigned to the circuit judge who had ordered the original action removed to district court.[1] As was permitted by the summary disposi-

[1] We are not entirely certain why the second circuit judge in granting summary disposition on the second complaint did so without prejudice to the filing of a third complaint to be assigned to the first circuit judge. If the second circuit judge's concern was that any matter should be assigned to the original judge, it would seem to us that, instead of granting summary disposition on the second complaint, the second circuit judge should have ordered the case reassigned to the first circuit judge and allowed the first circuit judge to rule on the summary disposition motion. However, for whatever reason, that procedure was not employed.

tion order, plaintiffs filed a third action in Oakland Circuit Court, with the third complaint being virtually identical to the first two complaints, and again seeking the equitable relief of rescission of contract. This third complaint was assigned to the circuit judge who considered the first complaint and ordered it removed to district court. Defendants again moved for summary disposition on the basis that another action was pending between the parties and that motion was again granted. Plaintiffs now appeal from that grant of summary disposition in the third circuit court case and we reverse.

We begin by noting that the circuit court erred in ordering the case removed to district court in the first instance. Because there was a claim for equitable relief, over which the district court has no jurisdiction, it was clearly violative of the court rules to grant removal. MCR 4.003(B)(3); see also GCR 1963, 707.2. We also note that the preferred practice would have been for plaintiffs to seek immediate review of the removal order in this Court under the provisions of GCR 1963, 707.4, which was in effect at the time of the removal order.[2] Unfortunately, the trial court did err in ordering the removal and plaintiffs did not seek immediate appellate review. Accordingly, we must deal with the case as it has been presented to us, despite the procedural irregularities involved.

The question we must decide is whether plaintiffs' claims for legal remedies in the district court preclude plaintiffs from seeking equitable remedies

---

[2] Presumably this was not done because plaintiffs' counsel had been suspended from the practice of law or, in light of the fact that his suspension apparently was for neglecting his clients' business, he simply failed to do so in the instant case. Plaintiff's counsel had apparently failed to properly attend to his other cases which resulted in the sanctions being imposed upon him by the greviance commission.

in circuit court against some or all of the same parties for claims arising out of the same events. We conclude that they do not.

This Court, in *Rutter v King*, 57 Mich App 152, 157-158; 226 NW2d 79 (1974), noted that a party may commence separate actions in separate forums where the two actions seek different remedies:

> Where plaintiff has alternate remedies, which are not inconsistent, the mere commencing of an action in a separate forum or resorting to one remedy is not a bar to commencing a different form of action. In such case there is no election until one of them is pursued to judgment. *Humiston, Keeling & Co v Bridgman*, 195 Mich 82, 86; 161 NW 852 (1917).

This Court also discussed the applicability of the rule where the prior action suffers from jurisdictional defects in *Sovran Bank, NA v Parsons*, 159 Mich App 408, 413; 407 NW2d 13 (1987):

> Whether the pending first Michigan case would justify dismissal of the second Michigan case is less certain. No Michigan authority addresses the issue of applicability of the rule [MCR 2.116(C)(6)] where jurisdictional questions are present in the pending litigation. Other jurisdictions have held, as a general rule, that a first suit is not ground for abatement of a second where the court does not have jurisdiction of the parties. 1 Am Jur 2d, Abatement, Survival, and Revival, § 16. However, the reasonable rule is that the plea in abatement or motion should be sustained unless the first suit is wholly abortive on its face. *Id.*, § 16, p 55, n 3.

The encyclopedia reference made by the *Parsons* Court, 1 Am Jur 2d, Abatement, Survival, and Revival, § 16, p 54, also discussed the effect of the

lack of jurisdiction over the subject matter by the court before which the first action is pending:

> In order that a pending action may be pleaded in abatement of one subsequently commenced, the court before which the first is pending must have jurisdiction of the subject matter, otherwise, the prior action will not operate to abate a second action in a proper court, even though it is for the same cause or relief and between the same parties.

We acknowledge that, since the district court does have jurisdiction over the legal remedies pursued in the first action, it is arguable that that first action is not "wholly abortive on its face" and, therefore, under the *Parsons* ruling, the subsequent action may not be maintained due to the pendency of the first action in district court. However, when the *Parsons* decision is read along with the encyclopedia's discussion of the effect of subject-matter jurisdiction of the first court with respect to the second action and with the decision in *Rutter, supra,* we believe that the appropriate rule to apply is that a prior action in district court does not preclude the pursuit of a subsequent action in circuit court where the district court would not have jurisdiction over the action subsequently filed in circuit court. Specifically, a suit in district court seeking legal remedies does not preclude a party from maintaining a subsequent action in circuit court seeking equitable relief.[3]

Under our decision in this case, plaintiffs may

[3] We would be less than candid if we did not acknowledge that our decision is influenced by the circuit court's original error in removing the case to district court. That is, we might be more inclined to conclude that, where a viable action was originally filed in district court seeking legal remedies, that action not being "wholly abortive on its face," a subsequent action in circuit court seeking equitable remedies is precluded. However, plaintiffs' suit seeking legal remedies in the instant case is not in district court as a matter of plaintiffs' choice, but as the result of an erroneous ruling by the circuit court in

only maintain their action for equitable remedies, namely the rescission of contract, in the circuit court since the district court action does preclude the pursuit of legal remedies in the circuit court on the basis that the other action is pending and by the operation of MCR 2.116(C)(6). However, although the circuit court was correct in granting summary disposition under that court rule on the claims seeking legal remedies, we would recommend to the circuit court that considerations of judicial economy would indicate that it should remove the district court action back to circuit court and consolidate it with plaintiffs' claim seeking equitable relief, on which we have ruled that the trial court erred in granting summary disposition, so that the matters may be litigated once instead of twice.

Reversed. The matter is remanded to the circuit court for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiffs may tax costs.

the first instance. The instant case certainly does not present a fact situation in which we should disagree with the decision in *Rutter, supra* at 157, that seeking separate remedies in separate forums does not constitute an election of remedies.