NATIONAL FRATERNITY *v.* WAYNE CIRCUIT JUDGE

PLEADING—GENERAL ISSUE—ABATEMENT—JURISDICTION.
  * Circuit Court Rule No. 6 reads that: "Whenever the defendant interposes a plea in abatement, he may also, at the same time, plead the general issue," etc. *Held,* that this rule includes all dilatory pleas, including pleas to the jurisdiction.

*Mandamus* by the National Fraternity to compel George S. Hosmer, circuit judge of Wayne county, to determine the issue raised by a plea to the jurisdiction. Submitted June 4, 1901. Writ granted June 17, 1901.

*Lemuel H. Foster*, for relator.

*M. J. Lehmann*, for respondent.

GRANT, J. Suit was brought against the relator, a foreign corporation, in the circuit court for the county of Wayne. The defendant interposed a plea which is con-

---

* Head-note by GRANT, J.

ceded to be a plea to the jurisdiction, in which it is averred that the defendant, at the time of the commencement of suit, was not doing business in this State, had no office in this State, and no officer, agent, or attorney authorized to receive service of legal process, or upon whom legal process could be served, and prayed judgment whether the court could or would take further cognizance of the action. The defendant at the same time interposed a plea of the general issue, in the following language:

"And the defendant, by Lemuel H. Foster, its attorney, not waiving its said plea in abatement, or appearing in said cause other than subject to the final determination of said plea against the said defendant, and in pursuance of the provisions of Circuit Court Rule No. 6, comes and demands a trial of the matters set forth in the plaintiff's declaration."

The circuit judge declined to pass upon the issue raised by the plea, on the ground that it was a plea to the jurisdiction, and not a plea in abatement, and further held that the plea of the general issue waived the plea to the jurisdiction.

Circuit Court Rule No. 6 reads as follows:

"Whenever the defendant interposes a plea in abatement, he may also, at the same time, plead the general issue," etc.

Chitty and other writers upon Pleading, as the circuit judge said, recognize a distinction between pleas to the jurisdiction and pleas in abatement. We think, however, under the practice and decisions in the courts of this State, a plea to the jurisdiction is included within the term "plea in abatement," used in the rule. The result of a plea to the jurisdiction, if sustained, is to abate the suit. It is a dilatory plea. The purpose of the rule was to provide for a speedy determination of these pleas, and an immediate trial of the cause if the plea is bad. See 1 Green, New Prac. p. 204, § 8; 1 Stevens, Mich. Prac. §§ 21(*a*), 150(*g*), 212(*d*). Judge Green, at page 205, says:

"Pleas are either *in abatement* or *in bar* of the action,

and should always be interposed in this order.   By 'pleas in abatement,' as the terms are here used, *all dilatory pleas* are understood to be included; and this classification, though not technically accurate, will be found practically unobjectionable.   Mr. Chitty's division of pleas is into (1) pleas to the jurisdiction, (2) pleas in abatement, and (3) pleas in bar.   The most general division, however, is into pleas *dilatory* and *peremptory;* the former class including every description except pleas in bar, which are of the peremptory kind,"—citing authorities.

In *Heyman* v. *Covell*, 36 Mich. 157, Justice CAMPBELL said:

"A plea in abatement to the jurisdiction must always show another forum where the rights have already become subject to judicial authority."

This shows how a plea to the jurisdiction was then considered by the court.

The authors of Mich. Dig., vol. 2, p. 314, § 301, and the author of the Michigan Revised Rules, at page 32, state that the "objection to the jurisdiction of a court of general jurisdiction must be taken advantage of by a plea in abatement,"—citing *Webb* v. *Mann*, 3 Mich. 141.   A reference to the case, however, will show that the court only held that the objection must be taken advantage of by plea.   Probably these authors may have had in mind the authorities above referred to when they used the term "plea in abatement" in the digest and in the notes to the rules.

The writ will issue, without costs.

The other Justices concurred.