HOOVER REALTY v. AMERICAN INSTITUTE OF MARKETING SYSTEMS

1. Action—Suit Pending—Foreign Action—Abatement—Motion to Dismiss.

A suit pending in another state or foreign jurisdiction does not constitute a prior pending action subjecting a subsequent suit in Michigan to a plea in abatement or motion to dismiss (GCR 1963, 116.1[4]).

2. Injunction — Prior Action — Foreign Action — Real Estate Brokers.

An injunction restraining defendant from proceeding with a prior action in another state is not clearly erroneous where the defendant is seeking, by the action in the other state, to avoid the effect of Michigan statutes controlling the licensing and fee splitting of real estate brokers (MCLA §§ 451.201, 451.213, 451.216; GCR 1963, 718.6).

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 2 March 11, 1970, at Detroit. (Docket No. 6,646.) Decided May 26, 1970. Leave to appeal denied September 22, 1970. 384 Mich 754.

References for Points in Headnotes
[1] 1 Am Jur 2d, Action § 95 et seq.
[2] 42 Am Jur 2d, Injunctions §§ 219, 220.

Complaint by Hoover Realty Company, against American Institute of Marketing Systems, Inc., for nullification of a contract and other relief. Temporary restraining order for plaintiff. Defendant's motion to dismiss complaint and dissolve restraining order denied. Defendant appeals. Affirmed.

*Leroy M. Ogle,* for plaintiff.

*Hertzberg, Jacob, Weingarten & Kennedy (I. William Cohen, of counsel),* for defendant.

Before: T. M. BURNS, P. J., and HOLBROOK and BRONSON, JJ.

T. M. BURNS, P. J. On October 8, 1965, the former owners of the plaintiff corporation executed an alleged agreement, promissory note and check all solicited by and running to the defendant, (AIMS corporation), a Missouri corporation. All parts of this agreement were executed in Roseville, Michigan.

The complaint alleged that for some time before and after the date of October 5, 1965, the AIMS corporation had been doing business in this state although not being licensed to do so as required by Michigan laws; and also that said foreign corporation was operating as a real estate broker in the State of Michigan, although it was not licensed as a real estate broker under Michigan law. MCLA § 451.201 (Stat Ann 1964 Rev § 19.791).

Under this agreement, AIMS corporation was to refer prospective real estate purchasers, who would be located in the Roseville, Michigan area, to the Flo Engel Co., and if a sale was consummated, twenty-eight (28%) per cent of the gross sale commission was to be remitted back to AIMS corporation. There were also other provisions of said agreement, one of

which gives rise to AIMS' action against Hoover in Missouri. That provision of the contract requires Hoover to purchase a quantity of marketing brochures from AIMS annually.

On November 30, 1965, Hal K. Hoover, a Michigan resident and licensed real estate broker under the laws of the State of Michigan, purchased all of the common stock of the Michigan corporation known as Flo Engel East Side Company, Inc. He changed the name to Hoover Realty Co.

Together with other reasons, under MCLA § 451.213(i) (Stat Ann 1964 Rev § 19.803[i]), Hoover could not split a brokerage commission with anyone not licensed as a Michigan real estate broker, hence Hoover could not honor said agreement.

On March 24, 1966, Western Finance Corporation, a Missouri corporation, an alleged "holder in due course and assignee of AIMS corporation", commenced suit against Hoover Realty Co. on the promissory note in Macomb County Circuit Court, State of Michigan (X66–1017). This litigation terminated by a stipulated dismissal with prejudice on October 11, 1966. AIMS corporation was not served with process or otherwise made party to the *Western* action.

On February 23, 1967, AIMS corporation instituted suit against Hoover in the Circuit Court of the County of St. Louis, State of Missouri, based upon Hoover's alleged breach of contract in that it had failed to purchase certain advertising brochures from AIMS. AIMS contends that the Missouri Circuit Court obtained jurisdiction over Hoover by service of process upon an agent of Hoover pursuant to paragraph 6(f) of the agreement. Hoover denied the agency, and moved to quash the process.

In September, 1967, Hoover, defendant in the Missouri action, instituted suit in the Macomb

County Circuit Court seeking to have the contract declared a nullity and praying for the following relief:

(1) Rescission and cancellation of the October 8, 1965 contract.

(2) That any judgment declare sums due from defendant to plaintiff as damages.

(3) That AIMS be enjoined from any other litigation based on the agreement as well as issue a temporary restraining order enjoining AIMS from proceeding with its action, previously commenced, against Hoover in Missouri.

The temporary restraining order was granted and an order to show cause was issued requiring AIMS to appear and show cause why said order should not be made permanent as prayed for in Hoover's pleadings.

AIMS filed a motion to dismiss Hoover's complaint and a motion to dissolve the temporary restraining order along with a supporting brief. On May 29, 1968, the trial court issued an interim opinion. The trial court entered its order, dated June 24, 1968 denying AIMS' motion to dismiss Hoover's complaint and continuing the temporary restraining order previously granted. Leave to appeal was granted by this Court.

Hoover filed a motion, during the pendency of these appeal proceedings, to include as part of the record on appeal, the file and records of case number X66–1017 wherein Western was plaintiff and Hoover was defendant. On June 6, 1969 the Macomb County Circuit Court granted Hoover's motion.

*Should plaintiff Hoover's complaint be dismissed because there is a prior pending action between the same parties involving the same claim?*

The central thrust of defendant's argument is that GCR 1963, 116.1(4) demands that plaintiff's complaint be dismissed.

GCR 1963, 116.1(4) allows a motion to dismiss a new suit involving the same parties and the same subject matter as that existing in a pending action:

"* * * by motion filed not later than his first responsive pleading, a party may demand * * * that judgment be entered dismissing one or more claims asserted against him upon any of the following grounds:

"(4) another action is pending between the same parties involving the same claim."

In support, defendant cites the case of *Petosky Asphalt Paving Company* v. *Malow* (1961), 363 Mich 13; *Chapple* v. *National Hardwood Co.* (1926), 234 Mich 296; *Pinel* v. *Campsell* (1916), 190 Mich 347.

These cases are not on point as, in them, both prior and subsequent suits were begun in Michigan while in the instant case prior suit was commenced in Missouri and subsequent suit was commenced in Michigan.

Defendant argues that since the Missouri court first obtained jurisdiction, it has the exclusive right to decide the matter in issue. *Mulford* v. *Stender* (1921), 215 Mich 637; *Rickey Land and Cattle Company* v. *Miller & Lux* (1910), 218 US 258 (31 S Ct 11, 54 L Ed 1032). These cases do not address themselves to the question in this case whether the pendency of a prior action in one state is a *ground of dismissal* of an action subsequently commenced in another state. These cases are therefore regarded as inapposite to the question in this appeal.

The rule in Michigan and elsewhere is that a suit pending in *another state,* or *foreign jurisdiction* does not constitute a prior pending action subjecting the

subsequent suit to a plea in abatement or motion to dismiss. *McKey* v. *Swenson* (1925), 232 Mich 505; *In re Elliott's Estate* (1935), 285 Mich 579, 584. 1 CJS, Abatement and Revival, § 63 states as follows:

"The general rule, that the pendency of a prior action, between the same parties for the same cause of action, whether by law or in equity, may be pleaded in abatement of a subsequent action therefor  *  *  *  applies only where two courts have concurrent jurisdiction of the same cause of action and where the prior action is pending in one of such courts, and the subsequent action in another; and therefore such a plea, ordinarily, will not be sustained, where the prior action is pending in a court of foreign or different jurisdiction, or as otherwise expressed, where the two actions are pending in courts of different sovereignties such as in courts of different states,  *  *  *  ."

1 Michigan Law & Practice, Abatement and Revival, § 8 states the Michigan rule as being that:

"Although a prior action pending in the state, whether in a court of concurrent or inferior jurisdiction, in the same court, in another court of the same county, or in a court of another county, may constitute a ground for abatement of a subsequent action, the pendency of a prior action in another state generally does not abate an action in this state." (Footnotes omitted.)

The trial court did not err, therefore, in refusing to abate this action because of the prior pending action in Missouri.

*Is the issuance of the injunction restraining AIMS from proceeding with the prior action clearly erroneous?*

Defendant relies primarily upon GCR 1963, 718.6 which provides:

"No injunction or restraint may be granted one action to stay proceedings in another action pending in *any* court in which the relief may be sought on counterclaim or otherwise in the pending action."

Defendant contends the word *any* indicates an intention on the part of the rule to include cases in foreign jurisdictions within its prohibitions. We do not view it so. We consider that GCR 1963, 718.6 just as GCR 1963, 116.1(4), is understood to concern only cases pending in Michigan.

This case is properly within the rule as stated in *Pere Marquette Ry. Co.* v. *Slutz* (1934), 268 Mich 388, 390:

"Where an action is brought in a foreign state for the purpose of evading or avoiding the laws of this state, or for other unjust and inequitable purposes, harassing its citizens and causing them irreparable injury, injunction is properly brought."

See also 31 Mich L Rev 88 (1932).

By its action in Missouri, the defendant seeks to avoid the effect of our Michigan statutes controlling the licensing and fee splitting of real estate brokers. Therefore, this is a proper case for the issuance of an injunction.

Viewing the situation as we do, we find that the trial court was not clearly erroneous in issuing the injunction against AIMS.

Affirmed. Costs to plaintiff.

All concurred.