SOVRAN BANK, NA v PARSONS

Docket Nos. 90258, 90681. Submitted December 15, 1986, at Detroit. Decided April 20, 1987.

On June 2, 1975, the Oakland Circuit Court entered a consent judgment in favor of Virginia National Bank against Donald H. Parsons (defendant). On February 13, 1985, the judgment not having been satisfied, Virginia National Bank, operating under its new name, Sovran Bank, N.A. (plaintiff), filed a claim in the Oakland Circuit Court to renew the judgment (first Michigan case). The summons and complaint were served on defendant in Florida on February 25, 1985. Defendant answered alleging lack of personal jurisdiction. On May 6, 1985, plaintiff filed a complaint against defendant in Florida (Florida case). Defendant was served with a summons and complaint on May 10, 1985. Since defendant had asserted a lack of personal jurisdiction in the first Michigan case, plaintiff then moved in the Oakland Circuit Court for permission to issue a second summons. The motion was denied and on August 30, 1985, plaintiff filed a second complaint in Oakland Circuit Court (second Michigan case). Defendant was personally served in Michigan with a summons and complaint on September 1, 1985. On November 6, 1985, a hearing was held in Oakland Circuit Court on defendant's motions for summary disposition of the first and second Michigan cases. The trial court, James S. Thorburn, J., then issued an order dismissing the second Michigan case with prejudice and indicating that the first Michigan case would be dismissed if the Florida case was not dismissed with prejudice on or before December 20, 1985. Proceedings pursuant to

REFERENCES

Am Jur 2d, Abatement, Survival and Revival § 5 et seq.

Am Jur 2d, Conflict of laws §§ 10-12.

Am Jur 2d, Courts §§ 106, 128, 137.

Am Jur 2d, Pleading § 129.

Judgment of court of foreign country as entitled to enforcement or extraterritorial effect in state court. 13 ALR4th 1109.

Validity, construction, and application of Uniform Enforcement of Foreign Judgments Act. 31 ALR4th 706.

See also the annotations in the Index to Annotations under Comity; Jurisdiction; Summary Judgment.

defendant's motion for entry of the order were held on January 8, 1986, during which it was ascertained that the Florida case had not been dismissed. An order dismissing the first Michigan case was then issued on January 29, 1986. Plaintiff appeals from the orders dismissing the two Michigan cases. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

1. The pending Florida case would not support dismissal of the second Michigan case under MCR 2.116(C)(6). A court does not lose jurisdiction by reason of the pendency of litigation covering the same subject matter in a court of another state. Nor does a suit pending in another state or foreign jurisdiction constitute a prior action subjecting the subsequent suit to a plea in abatement.

2. A plea in abatement or motion regarding a second suit should be sustained unless the first suit is wholly abortive on its face. Here, the first Michigan case is not wholly abortive on its face.

3. The procedure which should have been followed would be to stay proceedings in the second Michigan case pending resolution of the jurisdictional question in the first Michigan case.

4. Dismissal of the first Michigan case, under the doctrine of abatement, on the basis that the Florida case was still pending was improper. The lower court's reliance on the doctrine of comity was also misplaced. Dismissal of plaintiff's first Michigan case, under the theory of election, was improper.

5. The dismissal of the first Michigan case is reversed and remanded for resolution of the jurisdictional question raised and potential adjudication on the merits. The dismissal of the second Michigan case is reversed and the case remanded and stayed pending resolution of the jurisdictional question presented in the first Michigan case.

Reversed and remanded.

1. COURTS — JURISDICTION — ACTIONS IN OTHER STATES.

A court does not lose jurisdiction over an action by reason of the pendency of litigation covering the same subject matter in a court of another state, nor does a suit pending in another state or foreign jurisdiction constitute a prior action subjecting the subsequent suit to a plea in abatement.

2. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ACTIONS IN OTHER STATES — COURT RULES.

Dismissal of an action brought in a Michigan court is not warranted under the court rule providing that a motion for summary disposition may be based on the fact that another action

has been initiated between the same parties involving the same claim where the other action relied upon to support the motion is brought in a court of another state (MCR 2.116[C][6]).

3. MOTIONS AND ORDERS — SUMMARY DISPOSITION — MULTIPLE ACTIONS — COURT RULES.

A plea in abatement or motion for summary disposition based on the fact that another action has been initiated between the same parties involving the same claim should be sustained unless the first suit is wholly abortive on its face; where the rights of parties to the second action cannot be properly determined until the questions raised in the first action are settled, the second action should be stayed (MCR 2.116[C][6]).

4. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ABATEMENT — COMITY — ACTIONS IN OTHER STATES.

The doctrine of abatement does not support the dismissal of an action brought in Michigan on the basis that another suit between the same parties involving the same claim was subsequently brought in another state; the doctrine of comity does not apply until one of the courts enters a final judgment since jurisdiction remains concurrent until final judgment and only then may one be set up in bar of the other.

5. MOTIONS AND ORDERS — ABATEMENT — ELECTION OF REMEDY AND FORUM.

The rule that a suit pending in another jurisdiction does not abate an action in Michigan until a final judgment in the other jurisdiction has been entered does not apply where the plaintiff has made an election, both of remedy and of forum; an election occurs only where the remedies are inconsistent; where remedies are consistent with each other, no election occurs until judgment is entered or satisfaction had.

*Clark, Klein & Beaumont* (by *John F. Burns* and *Timothy M. Koltun*), for plaintiff.

*Hardig, Goetz, Heath & Merritt* (by *Joseph L. Hardig, Jr.*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and J. H. GILLIS and C. W. SIMON, JR.,* JJ.

PER CURIAM. In Docket No. 90258, plaintiff Sov-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ran Bank, N.A., appeals from an order of summary disposition entered in favor of defendant. In Docket No. 90681, Sovran appeals from a subsequent order of summary disposition dismissing a prior claim and an order denying Sovran's motion for reconsideration. The cases have been consolidated on appeal.

On June 2, 1975, the Oakland Circuit Court entered a consent judgment in favor of Virginia National Bank against defendant. On February 13, 1985, the judgment not having been satisfied, Virginia National Bank, operating under its new name, Sovran Bank, N.A., filed a claim in Oakland Circuit Court to renew the judgment (first Michigan case). The summons and complaint were served on defendant in Florida on February 25, 1985. In his answer, defendant alleged lack of personal jurisdiction because he had not been served with process in Michigan nor resided in Michigan for many years.

On May 6, 1985, plaintiff filed a complaint against defendant in Florida (Florida case). Defendant was served with a summons and a copy of the complaint on May 10, 1985.

Since defendant had asserted lack of personal jurisdiction in the first Michigan case, plaintiff moved for permission to issue a second summons. The motion was denied and on August 30, 1985, plaintiff filed a second complaint in Oakland Circuit Court (second Michigan case). Defendant was personally served in Michigan with a summons and complaint on September 1, 1985.

On November 6, 1985, a hearing was held in Oakland Circuit Court on defendant's motions for summary disposition of the first and second Michigan cases. The trial court issued an order dismissing the second Michigan case with prejudice pursuant to MCR 2.116(C)(6) and indicating that the

first Michigan case would be dismissed if the Florida case was not dismissed with prejudice on or before December 20, 1985.

Proceedings pursuant to defendant's motion for entry of the order were held on January 8, 1986, during which time it was ascertained that the Florida case had not been dismissed. Accordingly, an order dismissing the first Michigan case was issued on January 29, 1986.

Plaintiff contends on appeal that the trial court erred in dismissing the second Michigan case on the grounds that there were other cases pending in Michigan and Florida courts. Although at first blush it appears that dismissal of the second Michigan case would have been proper under the court rule, we find that it was erroneous in this instance.

MCR 2.116(C)(6) provides that a motion for summary disposition may be based on the fact that "[a]nother action has been initiated between the same parties involving the same claim." The court rule is a codification of the former plea of abatement by prior action. See *Rene J DeLorme, Inc v Union Square Agency, Inc,* 362 Mich 192; 106 NW2d 754 (1961); *Chapple v National Hardwood Co,* 234 Mich 296, 297; 207 NW 888 (1926); *Ross v Onyx Oil & Gas Corp,* 128 Mich App 660, 666; 341 NW2d 783 (1983). Its purpose is to protect parties from the harassment of new suits involving the same questions as those in pending litigation. *Chapple, supra,* p 298; *Ross, supra.*

A review of the three different complaints in these cases establishes that the respective actions involve the same parties and claim. However, our analysis does not end there.

The pending Florida case would not support dismissal under the court rule. A court does not lose jurisdiction by reason of the pendency of

litigation covering the same subject matter in a court of another state. *Owen v Owen,* 389 Mich 117, 120, n 2; 205 NW2d 181 (1973), cert den 414 US 830 (1973), reh den 414 US 1086 (1973); *In re Elliott's Estate,* 285 Mich 579, 584; 281 NW 330 (1938). Nor does a suit pending in another state or foreign jurisdiction constitute a prior action subjecting the subsequent suit to a plea in abatement. *McKey v Swenson,* 232 Mich 505, 516; 205 NW 583 (1925); *Hoover Realty v American Institute of Marketing Systems,* 24 Mich App 12, 16-17; 179 NW2d 683 (1970), lv den 384 Mich 754 (1970). See also 1 Am Jur 2d, Abatement, Survival and Revival, § 10.

Whether the pending first Michigan case would justify dismissal of the second Michigan case is less certain. No Michigan authority addresses the issue of applicability of the rule where jurisdictional questions are present in the pending litigation. Other jurisdictions have held, as a general rule, that a first suit is not ground for abatement of a second where the court does not have jurisdiction of the parties. 1 Am Jur 2d, Abatement, Survival, and Revival, § 16. However, the reasonable rule is that the plea in abatement or motion should be sustained unless the first suit is wholly abortive on its face. *Id.,* § 16, p 55, n 3.

In the instant case, the first suit is not wholly abortive on its face. In *McGraw v Parsons,* 142 Mich App 22; 369 NW2d 251 (1985), lv den 423 Mich 860 (1985), this Court held that an action on a judgment, whether pursuant to a new complaint or a writ of scire facias, will be deemed to be a continuation of the original action such that jurisdiction is proper in the court which rendered the original judgment. *Id.,* p 25. Prior to *McGraw,* no Michigan case had addressed the issue whether a Michigan court had jurisdiction over a defendant

in such an action where the defendant had been served with process outside Michigan. *Id.,* pp 24-25.

On the basis of *McGraw,* the lower court reasonably could have concluded that the jurisdictional question would be resolved in plaintiff's favor. Accordingly, summary disposition pursuant to the court rule arguably was proper. On the other hand, there remains some measure of speculation. We note the fact that jurisdiction in the second Michigan case was obtained by service on defendant in Michigan. Assuming that jurisdiction was denied in the first Michigan case, that dismissal of the second Michigan case was granted prior to this determination and that plaintiff was subsequently allowed to refile its claim, plaintiff would be unable to do so unless defendant again returned to Michigan. There is, of course, no guarantee that this would occur. Thus, dismissal prior to the actual resolution of the jurisdictional question potentially could prevent plaintiff from ever being able to adjudicate the claim in this state.

We find that the more appropriate action would have been to stay proceedings pending resolution of the jurisdictional question. In *Ross, supra,* this Court stated:

> "Where the rights of parties to the second action cannot be properly determined until the questions raised in the first action are settled the second action should be stayed." [*Id.,* p 670, quoting 1 Am Jur 2d, Actions, §§ 92-94, pp 621-622.]

Plaintiff's right to proceed with the second Michigan case depended upon whether or not jurisdiction properly existed in the first Michigan case. If jurisdiction existed, dismissal of the former would then be proper. If not, plaintiff would still be free to pursue the matter in a Michigan court.

We agree with plaintiff's contention that dismissal of the first Michigan case on the basis that the Florida case was still pending was improper. Although the doctrine of abatement arguably could support dismissal of the Florida case, since it was filed subsequent to the first Michigan case, there is no authority to support dismissal of the first Michigan case under the same rationale. Moreover, as plaintiff correctly asserts, in such an instance it would be impossible for a defendant to raise such a defense pursuant to MCR 2.116(D)(2), since defendant could have no way of knowing that such a subsequent suit would be filed. Finally, the pendency of the Florida case would be irrelevant for purposes of the rule since it is in another jurisdiction. *Owen, supra; In re Elliott's Estate, supra.*

The lower court's reliance on the doctrine of comity is also misplaced. Jurisdiction remains concurrent until final judgment. Only then may one action be set up in bar of the other. *McKey, supra,* p 516.

The only possible basis for the lower court's action in dismissing the first Michigan case is a theory of election. In *Battle v Battjes,* 274 Mich 267; 264 NW 367 (1936), the Michigan Supreme Court held that the rule that a suit pending in another jurisdiction does not abate an action in Michigan until final judgment would not apply where plaintiff has made an election, both of remedy and of forum. *Id.,* p 280. However, *Battle* is inapposite since election only occurs where the remedies are inconsistent. Where remedies are consistent with each other, no election occurs until judgment is entered or satisfaction had. *Id.*

A review of the respective complaints establishes that the only difference between the two is the date and the court in which filing took place.

Therefore, it cannot be said that the remedies are inconsistent. Dismissal of plaintiff's first Michigan claim, under a theory of election, was therefore improper.

In view of our above conclusions it is unnecessary to review plaintiff's remaining allegations of error.

In conclusion, we hold that the lower court's dismissal of plaintiff's first Michigan case should be reversed and the case remanded for resolution of the jurisdictional question raised and potential adjudication on the merits. The lower court's dismissal of the second Michigan case should be reversed, remanded and stayed pending resolution of the jurisdictional question presented in the first Michigan case. Should the jurisdictional question be resolved in favor of plaintiff, dismissal with prejudice would then be proper. Should the jurisdictional issue be resolved in defendant's favor, defendant's motion for summary disposition of the second Michigan case pursuant to MCR 2.116(C)(6) should be denied since there would no longer be any pending Michigan action to bar the claim.

Reversed and remanded for proceedings consistent with this opinion.