VALEO SWITCHES AND
DETECTION SYSTEMS, INC v EMCOM, INC

Docket No. 264618. Submitted March 15, 2006, at Detroit. Decided
September 26, 2006, at 9:00 a.m.

Valeo Switches and Detection Systems, Inc., brought an action in the
Oakland Circuit Court against EMCom, Inc., alleging that EMCom
supplied it with defective equipment. EMCom subsequently sought
coverage for the lawsuit from Hanover Insurance Company. After it
denied coverage, Hanover brought a declaratory action against EM-
Com in New York, seeking a determination of coverage and its duty to
defend or indemnify EMCom against Valeo's claims. EMCom then
filed a third-party complaint in the Oakland Circuit Court against
Hanover and others, seeking declaratory relief concerning the duty to
defend or indemnify. The third-party defendants moved for summary
disposition of the third-party action under MCR 2.116(C)(6) on the
basis that the New York action was between the same parties and
involved the same claim. The court, John J. McDonald, J., granted the
motion. EMCom appealed by leave granted.

The Court of Appeals held:

. The trial court properly dismissed EMCom's third-party declara-
tory action. The plain, unambiguous language of MCR 2.116(C)(6)
permits a court to dismiss a case if another action has been initiated
between the same parties involving the same claim. The court rule is
not limited to other actions filed in courts of this state or federal
courts located in this state.

Affirmed.

FORT HOOD, J., concurring in part and dissenting in part, agreed
that the plain language of the court rule contains no limitations on
the location of the commencement of the other action, but con-
cluded that clear precedent of the Supreme Court has held that the
court rule does not apply when the litigation has been filed in
another state.

ACTIONS — ACTIONS PENDING IN OTHER COURTS — SUMMARY DISPOSITION.

The Michigan Court Rules permit a court to dismiss a case if another
action has been initiated between the same parties involving the

same claim; the rule is not limited to other actions filed in a court of this state or a federal court located in this state (MCR 2.116[C][6]).

*Vandeveer Garzia, P.C.* (by *Hal O. Carroll* and *Thomas M. Peters*), for EMCom, Inc.

*Garan Lucow Miller, P.C.* (by *Robert D. Goldstein* and *William J. Brickley*), for Massachusetts Bay Insurance Company and others.

Before: OWENS, P.J., and KELLY and FORT HOOD, JJ.

KELLY, J. Defendant EMCom, Inc., appeals by leave granted the trial court's order granting the third-party defendants' motion for summary disposition of EMCom's third-party declaratory action pursuant to MCR 2.116(C)(6). We affirm.

I. FACTS

On February 8, 2005, plaintiff Valeo Switches and Detection Systems, Inc., filed a claim against EMCom in the circuit court alleging that EMCom supplied Valeo with defective printed circuit boards. EMCom sought coverage for the lawsuit from Hanover Insurance Company, which denied coverage. On March 22, 2005, Hanover initiated a declaratory action against EMCom in a New York state court, seeking a declaration of coverage and a determination whether Hanover owed a duty to defend or indemnify EMCom against Valeo's claims. On April 6, 2005, EMCom answered Valeo's complaint and filed a third-party declaratory action against Hanover and the other third-party defendants, seeking a declaration that they were required to defend or indemnify EMCom against Valeo's claims. Hanover and the other third-party defendants filed a motion for summary disposition of EMCom's third-party complaint

pursuant to MCR 2.116(C)(6) on the basis that the declaratory action initiated in the New York state court was between the same parties and involved the same claim. The trial court granted the third-party defendants' motion and entered an order dismissing EM-Com's declaratory action.

## II. ANALYSIS

EMCom contends that the trial court erred in granting the third-party defendants' motion for summary disposition pursuant to MCR 2.116(C)(6). We disagree. A trial court's decision to grant summary disposition under MCR 2.116(C)(6) is reviewed de novo. *Fast Air, Inc v Knight,* 235 Mich App 541, 543; 599 NW2d 489 (1999). This issue involves interpretation of MCR 2.116(C)(6), which presents a question of law that we also review de novo. *Marketos v American Employers Ins Co,* 465 Mich 407, 412; 633 NW2d 371 (2001).

Court rules are subject to the same rules of construction as statutes. *In re KH,* 469 Mich 621, 628; 677 NW2d 800 (2004). "Accordingly, we begin with the plain language of the court rule. When that language is unambiguous, we must enforce the meaning expressed, without further judicial construction or interpretation. Similarly, common words must be understood to have their everyday, plain meaning." *Id.*

MCR 2.116(C)(6) states that a motion for summary disposition may be based on the grounds that "[a]nother action has been initiated between the same parties involving the same claim."[1] There is no question, and the parties do not dispute, that the language of MCR 2.116(C)(6) is clear and unambiguous. Thus, ap-

---

[1] MCR 2.116(C)(6) is a revision of GCR 1963, 116.1(4) and Court Rule No 18, § 1(d) (1945).

plying well-established rules of construction, we must enforce the meaning expressed, without further judicial construction or interpretation. Accordingly, the trial court properly dismissed EMCom's declaratory action because, when it was filed, another action had been initiated between the same parties involving the same claim. Nonetheless, EMCom asserts that 2.116(C)(6), which derives from the common-law plea of abatement by prior action, only bars a suit from being filed in a court in this state if another action, involving the same parties and claim, has been initiated in another court of this state or a federal court located in this state.

In support of this assertion, EMCom relies on *Sovran Bank, NA v Parsons,* 159 Mich App 408; 407 NW2d 13 (1987), in which the plaintiff filed a claim in the Oakland Circuit Court to renew a consent judgment. The plaintiff served the summons and complaint on the defendant in Florida. The defendant asserted a lack of jurisdiction because he was not served in Michigan and had not resided there for many years. The plaintiff then filed a complaint in Florida and served the defendant in Florida. The plaintiff also filed a second complaint in the Oakland Circuit Court and served the defendant in Michigan. *Id.* at 411.

The defendant moved for summary disposition of both Michigan cases. *Id.* The trial court dismissed the second Michigan case with prejudice pursuant to MCR 2.116(C)(6) and indicated that the first Michigan case would be dismissed if the Florida case was not dismissed with prejudice before December 20, 1985. *Id.* at 411-412. On January 28, 1986, after ascertaining that the Florida case had not been dismissed, the trial court entered an order dismissing the first Michigan case. The plaintiff appealed, among other things, the trial court's dismissal of the second Michigan case under

MCR 2.116(C)(6) on the grounds that the Florida case
was pending. *Id.* at 412. This Court noted, "Although at
first blush it appears that dismissal of the second
Michigan case would have been proper under the court
rule, we find that it was erroneous in this instance." *Id.*
It further noted that MCR 2.116(C)(6) is a codification
of the former plea of abatement by prior action, the
purpose of which was to protect parties from the
harassment of new suits. *Id.* Although it ascertained
that the three cases filed by the plaintiff "involve the
same parties and claim," the Court stated: "[O]ur
analysis does not end there." *Id.* The Court held:

> The pending Florida case would not support dismissal
> under the court rule. A court does not lose jurisdiction by
> reason of the pendency of litigation covering the same
> subject matter in a court of another state. *Owen v Owen*,
> 389 Mich 117, 120, n 2; 205 NW2d 181 (1973), cert den 414
> US 830 (1973), reh den 414 US 1086 (1973); *In re Elliott's
> Estate*, 285 Mich 579, 584; 281 NW 330 (1938). Nor does a
> suit pending in another state or foreign jurisdiction consti-
> tute a prior action subjecting the subsequent suit to a plea
> in abatement. *McKey v Swenson*, 232 Mich 505, 516; 205
> NW 583 (1925); *Hoover Realty v American Institute of
> Marketing Systems*, 24 Mich App 12, 16-17; 179 NW2d 683
> (1970), lv den 384 Mich 754 (1970). See also 1 Am Jur 2d,
> Abatement, Survival and Revival, § 10. [*Id.* at 412-413.]

We are not required to follow *Sovran* because it was
issued before November 1, 1990. MCR 7.215(J)(1). We
also disagree with *Sovran*'s application of MCR
2.116(C)(6) because, eschewing basic rules of statutory
construction, it ignored the plain language of the court
rule and instead looked to the purpose of the rule and
existing common law. In so doing, *Sovran* relied on
several Michigan Supreme Court cases in support of its
conclusion that MCR 2.116(C)(6) does not apply when
another action involving the same parties and claim is

pending in an out-of-state court. We review each of these cases in turn to determine whether they provide any guidance on the proper reading and application of MCR 2.116(C)(6).

One of the cases *Sovran* relied on is *Owen,* in which the plaintiff filed a complaint for divorce in a Michigan court and the defendant filed an answer and a cross-complaint for separate maintenance. The court entered a judgment of separate maintenance and ordered the plaintiff to pay the defendant support. The plaintiff later moved to Nevada, where he filed an action for divorce and ultimately obtained a divorce judgment. The plaintiff then petitioned the Michigan court to amend the earlier judgment of separate maintenance to one of divorce. The circuit court denied the petition. This Court affirmed. *Owen, supra* at 119. The plaintiff appealed to our Supreme Court, raising the questions whether the Nevada divorce judgment must be given full faith and credit in Michigan and, if so, whether it affected the plaintiff's obligations imposed by the judgment for separate maintenance. *Id.* at 119-120.

Our Supreme Court determined that the pending Michigan action did not bar the cause of action in Nevada. *Id.* at 120. The Court further determined that Michigan must give full faith and credit to the Nevada divorce. *Id.* at 120-121. However, the Court determined that, even though the Nevada judgment "must be given full faith and credit as to the continuance of the marriage relationship, it does not necessarily affect other incidentals of marriage such as property settlement or support payments." *Id.* at 121, citing *Estin v Estin*, 334 US 541; 68 S Ct 1213; 92 L Ed 1561 (1948). The Court interpreted *Estin* as providing that the law and policy of the home state dictates the decision regarding whether the foreign divorce judgment affects

those aspects of the marriage over which the home state retains control. *Owen, supra* at 121. Noting that the divorce judgment in Nevada adjudicated nothing other than the marriage relationship, the Court concluded that Michigan's policy in favor of protecting citizens' property rights dictated that the Nevada divorce did not terminate the plaintiff's obligation to pay the defendant support as provided in the Michigan judgment. *Id.* at 122.

Although *Owen* supports the conclusion for which it was relied on in *Sovran*, i.e., that "a court does not lose jurisdiction by reason of the pendency of litigation covering the same subject matter in a court of another state," *Sovran, supra* at 412-413, it did not construe or apply MCR 2.116(C)(6), its precursors, or the common-law plea in abatement. Rather, it addressed the effect of a final judgment rendered in a foreign jurisdiction. Therefore, it is not dispositive of the issue raised in this case or, for that matter, the issue raised in *Sovran,* i.e., whether MCR 2.116(C)(6) permits dismissal of an action when another action brought in an out-of-state court involves the same parties and the same claims.

Another case relied on in *Sovran* is *In re Elliott's Estate, supra* at 580, 584, which involved a will contest in which the question arose whether a divorce decree rendered in a North Dakota court was invalid "by reason of the pendency of divorce proceedings in this State, in the circuit court for the county of Wayne." The Court, making short shrift of this issue, simply noted, "A foreign court does not lose jurisdiction by reason of the pendency of litigation covering the same subject-matter in the court of another State." *Id.* at 584. Again, that case did not involve a motion to dismiss pursuant to MCR 2.116(C)(6) or its precursors. Nor did it apply the common-law plea in abatement. Therefore, it is not dispositive of the issue at hand.

Another case relied on in *Sovran* is *McKey, supra* at 507, which involved an Illinois corporation that had opened a plant in Detroit. The majority of the members of the corporate board of directors were also officers and the principal stockholders. *Id.* at 508. Over time, the board voted to adjust the directors' salaries as officers to reflect the decline in corporate profits and to accept an offer by the president to assign his interests related to the company and to take other measures with respect to the financial affairs of the corporation. *Id.* at 508-513. The primary issue involved the propriety of the directors' actions, which our Supreme Court determined were void. *Id.* at 513-516. However, the Court first addressed the effect of an Illinois municipal court judgment when that matter was still pending on appeal. *Id.* at 516. In so doing, the Court assumed, without deciding, that it and the Illinois court had concurrent jurisdiction over the question of one officer's salary and explained that such "jurisdiction remains concurrent until final judgment is rendered in one of the suits." *Id.* The Court quoted the syllabus of *Becker v Illinois Central R Co*, 250 Ill 40; 95 NE 42 (1911):

> "The rule that where courts have concurrent jurisdiction the one first acquiring jurisdiction may retain it does not apply where the courts are in different States, and in such case both suits may proceed until judgment is recovered in one suit, when it may then be set up in bar of the other." [*McKey, supra* at 516.]

The Court held that, because the Illinois case was pending on appeal and there was no final judgment, that case did not bar the plaintiff's case in Michigan. *Id.* Thus, *McKey* addressed whether the Illinois case could bar the Michigan case by application of the plea of abatement by prior action; it held that it could not. However, *McKey* did not apply or construe MCR

2.116(C)(6) or its precursors, which did not yet exist. Thus, although it addressed the common-law plea in abatement rule, *McKey* does not dictate, one way or another, how we should read or apply MCR 2.116(C)(6).

Nonetheless, this Court relied on *McKey* in *Hoover Realty v American Institute of Marketing Sys,* 24 Mich App 12, 13-16; 179 NW2d 683 (1970), in which the defendant filed a motion, under GCR 1963, 116.1(4), to dismiss the Macomb Circuit Court action on the basis that another action was pending in a state court in Missouri. GCR 1963, 116.1(4) permitted a party to demand dismissal when " 'another action is pending between the same parties involving the same claim.' " *Hoover, supra* at 16. The Court ignored the plain language of the court rule and stated: "The rule in Michigan and elsewhere is that a suit pending in *another state*, or *foreign jurisdiction* does not constitute a prior pending action subjecting the subsequent suit to a plea in abatement or motion to dismiss." *Id.* at 16-17, citing *McKey;* 1 CJS, Abatement and Revival, § 63; and 1 Michigan Law & Practice, Abatement and Revival, § 8. Notably, this Court specifically declined to follow the plain-language rule of statutory construction, stating:

> Defendant relies primarily upon GCR 1963, 718.6 which provides:
>
> "No injunction or restraint may be granted [in] one action to stay proceedings in another action pending in *any* court in which the relief may be sought on counterclaim or otherwise in the pending action."
>
> Defendant contends the word *any* indicates an intention on the part of the rule to include cases in foreign jurisdictions within its prohibitions. We do not view it so. We consider that GCR 1963, 718.6 just as GCR 1963, 116.1(4), is understood to concern only cases pending in Michigan. [*Hoover, supra* at 17-18 (alteration added).]

We disagree with *Hoover* to the extent that it ignored the primary rule of statutory construction—plain language. Moreover, as with *Sovran,* we are not required to follow *Hoover* because it was issued before November 1, 1990. MCR 7.215(J)(1).

EMCom also relies on *Fast Air,* in which the defendants filed a motion for summary disposition in the Oakland Circuit Court under MCR 2.116(C)(6), alleging that, when the action was filed, another action between the same parties involving the same claims had been initiated in the Genesee Circuit Court. The trial court granted the motion. The plaintiffs appealed, and the issue this Court considered was whether the trial court erred because, when the trial court ruled on the motion, the other action had already been dismissed. *Id.* at 543. This Court determined that MCR 2.116(C)(6) was ambiguous in this regard and construed it to mean that the action must be pending at the time of the decision on the motion to dismiss under MCR 2.116(C)(6). *Id.* at 545. In arriving at this conclusion, the Court noted that "MCR 2.116(C)(6) is a codification of the former plea of abatement by prior action." *Id.* Relying on this quotation, EMCom contends that we should disregard to the plain language of MCR 2.116(C)(6). We disagree.

While the language of a statute should be read in light of previously established rules of common law, including common-law adjudicatory principles, this is only true if the language is ambiguous and requires construction. *Nummer v Dep't of Treasury,* 448 Mich 534, 544; 533 NW2d 250 (1995); *B & B Investment Group v Gitler,* 229 Mich App 1, 7; 581 NW2d 17 (1998). Further, though well-settled common-law principles are not to be abolished by implication, this is only true when an ambiguous statute contravenes common law; in that case, the ambiguous language must be inter-

preted so that it makes the least change in the common law. *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 652-653; 513 NW2d 799 (1994); *Energetics, Ltd v Whitmill*, 442 Mich 38, 51; 497 NW2d 497 (1993). On the other hand, "when common-law principles and *clear statutory language* conflict, the statute controls." *People v Hock Shop, Inc*, 261 Mich App 521, 532; 681 NW2d 669 (2004) (emphasis added).

The express terms of MCR 2.116(C)(6) clearly and unambiguously permit a case to be dismissed if "[a]nother action has been initiated between the same parties involving the same claim." The court rule in no way limits the other action to those actions filed in courts of this state or federal courts located in this state. Given that there is no precedent requiring us to apply MCR 2.116(C)(6) in a manner other than its plain language dictates, we decline to do so.[2] However, we note that it might be appropriate, when dismissing a case under MCR 2.116(C)(6), to do so without prejudice in the event that the foreign court's jurisdiction is disputed, an issue such as forum non conveniens arises, or the case is dismissed on grounds other than its merits.

We also note that the plain language of MCR 2.116(C)(6) is in keeping with the purpose of the plea of abatement by prior action rule, which was designed to

---

[2] In applying MCR 2.116(C)(6), or one of its precursors, but not construing it, our Supreme Court has held that it is appropriate to dismiss a case where another action had been initiated in federal court. *Pinel v Campsell,* 190 Mich 347, 351-352; 157 NW 271 (1916); *Detroit United R Co v Wayne Circuit Judge,* 204 Mich 543, 544; 170 NW 641 (1919); *Bisceglia Motor Sales, Inc v Studebaker-Packard Corp,* 367 Mich 472, 474; 116 NW2d 884 (1962). This Court has similarly held. *Darin v Haven,* 175 Mich App 144, 148-149; 437 NW2d 349 (1989). In all of these cases, however, the federal court actions were initiated in federal courts located in this state. Thus, they do not provide any guidance regarding whether MCR 2.116(C)(6) provides for dismissal when an action has been filed in an out-of-state court.

prevent parties from "litigious harassment" involving the same question and claims as those presented in pending litigation. *Chapple v Nat'l Hardwood Co*, 234 Mich 296, 297-298; 207 NW 888 (1926); *Darin v Haven*, 175 Mich App 144, 148; 437 NW2d 349 (1989).

Applying the plain language of MCR 2.116(C)(6), we conclude that the trial court properly dismissed EMCom's third-party declaratory action because, when EMCom filed its third-party complaint, another action had been initiated between the same parties involving the same claim. Because the trial court dismissed EMCom's action without prejudice, the parties will be free to refile in Michigan if the New York state court dismisses Hanover's action on a basis other than its merits.[3]

Affirmed.

OWENS, P.J., concurred.

FORT HOOD, J. (*concurring in part and dissenting in part*). MCR 2.116(C)(6) provides for summary disposition of a case when "[a]nother action has been initiated between the same parties involving the same claim." This court rule is a codification of the former plea of abatement by prior action. *Chapple v Nat'l Hardwood Co*, 234 Mich 296, 297; 207 NW 888 (1926). A plea in abatement is an objection to the jurisdiction of a court of general jurisdiction. *Nat'l Fraternity v Wayne Circuit Judge*, 127 Mich 186, 188; 86 NW 540 (1901). To utilize the plea in abatement, one must demonstrate another forum where the rights of the parties have become subject to judicial authority. *Id*. The *Chapple* Court delineated the purpose of the rule:

---

[3] Our resolution of this issue disposes of the case in its entirety; therefore, we need not address the other issue raised on appeal.

> The courts quite uniformly agree that parties may not be harassed by new suits brought by the same plaintiff involving the same questions as those in pending litigation. If this were not so repeated suits involving useless expenditures of money and energy could be daily launched by a litigious plaintiff involving one and the same matter. Courts will not lend their aid to proceedings of such a character, and the holdings are quite uniform on this subject. [*Chapple, supra* at 298.]

The construction and interpretation of a court rule is reviewed de novo and under the general rules of construction that apply to statutory review. *ISB Sales Co v Dave's Cakes*, 258 Mich App 520, 526; 672 NW2d 181 (2003). The goal is to give effect to the intent of the rule as expressed in the plain language. *Id.* at 526-527.

I agree that the plain language of the court rule does not contain any limitations on the location of the commencement of the other action. However, interpretative case law released both before and after the promulgation of the court rule at issue and its predecessors provides that the rule does not apply when the litigation has been filed in another state. Although we are not required to follow *Sovran Bank, NA v Parsons*, 159 Mich App 408; 407 NW2d 13 (1987), see MCR 7.215(J)(1), the *Sovran* Court relied on Michigan Supreme Court precedent. The Supreme Court has expressly stated that a "foreign court does not lose jurisdiction by reason of the pendency of litigation covering the same subject-matter in the court of another State." *In re Elliott's Estate*, 285 Mich 579, 584; 281 NW 330 (1938); see also *Owen v Owen*, 389 Mich 117, 120 n 2; 205 NW2d 181 (1973). I would not trace the history of Michigan Supreme Court precedent and distinguish the law. The role of an intermediate appellate court is limited, and we are not free to disregard clear precedent of the state's highest court. *Komendera v American Bar*

*& Cabinet Manufacturers,* 39 Mich App 370, 377; 197 NW2d 511 (1972), rev'd on other grounds 390 Mich 305 (1973). Under the circumstances, I would not disregard *Sovran* in light of its citation of Michigan Supreme Court precedent.