*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PETITION OF STATE TREASURER
FOR FORECLOSURE.

STATE TREASURER,

        Petitioner-Appellee,

v

GEORGE B. BRILL JR. REVOCABLE TRUST by
TERRY BRILL, Trustee,

        Claimant-Appellant.

UNPUBLISHED
December 23, 2024
9:29 AM

No. 369124
Livingston Circuit Court
LC No. 2021-031179-CZ

Before: BORRELLO, P.J., and MALDONADO and WALLACE, JJ.

PER CURIAM.

Claimant appeals as of right the trial court's order granting summary disposition to petitioner without prejudice. We reverse the order of the trial court and remand this case for proceedings not inconsistent with this opinion.

The parties do not dispute the facts of this case. In 2021, petitioner bought an in rem action for unpaid property taxes, interest, penalties and fees of $9,490.77 to foreclose on property owned by claimant. The trial court granted the foreclosure, after which petitioner sold the property at auction for $202,000. Claimant then filed a timely notice of intent and a motion in the foreclosure action for return of $182,409.23, which were the proceeds remaining after deduction of a 5% statutory commission, pursuant to MCL 211.78t. Petitioner responded to the claim by requesting that the trial court order claimant to opt out of a pending class action to which claimant was alleged to be an unnamed class member. In other words, petitioner contended that claimant could not pursue the present action and also be an unnamed member of the putative class at the same time, pursuant to MCR 2.116(C)(6). Alternatively, petitioner argued that the circuit court should stay the motion for proceeds pending the outcome of the class action, and a companion case, in the

-1-

Michigan Supreme Court.[1]  After taking the matter under advisement, the trial court dismissed the case without prejudice pursuant to MCR 2.116(C)(6).  This appeal followed.

## I.  ANALYSIS

### A.  STANDARD OF REVIEW

We review the grant of a motion for summary disposition pursuant to MCR 2.116(C)(6) de novo.  *Valeo Switches & Detection Sys, Inc v Emcom, Inc*, 272 Mich App 309, 311; 725 NW2d 364 (2006).  "The interpretation and application of statues, rules and legal doctrines is reviewed de novo."  *Woodring v Phoenix Ins Co*, 325 Mich App 108, 113-114; 923 NW2d 607 (2018).  Pursuant to MCR 2.116(C)(6), a party may move for dismissal of a claim where, "[a]nother action has been initiated between the same parties involving the same claim."  MCR 2.116(C)(6) derives from the common-law plea of abatement by prior action.  *Valeo Switches*, 272 Mich App at 312.

### B.  *HATHON V STATE OF MICHIGAN*

In 2020, the Michigan Supreme Court issued its opinion in *Rafaeli, LLC v Oakland Co*, 505 Mich 429; 952 NW2d 434 (2020), in which it held that surplus proceeds generated from the sale of properties pursuant to tax foreclosure were the property of the former owners, and that retention of those proceeds by the governmental unit, under the General Property Tax Act (GPTA), was an unconstitutional taking without just compensation pursuant to Const 1963, art 10, § 2.  See *id*. at 460-461.

The Legislature then enacted 2020 PA 256, effective December 22, 2020, amending the GPTA, in response to *Rafaeli*, providing a procedure for parties to obtain surplus proceeds from foreclosing governmental units after the sale of properties pursuant to tax foreclosure.  See MCL 211.78t.

At the time of the issuance of *Rafaeli*, a class action was pending in the Court of Claims, *Hathon v State of Michigan*, Court of Claims Docket No. 19-000023-MZ, the class of which was roughly defined as all current and former property owners from within the eight counties where the state was the foreclosing governmental unit who, during the requisite period of time, had said property seized by the defendants which was sold at tax auction for more than the total tax delinquency and were not refunded the excess/surplus equity.  After the issuance of *Rafaeli*, the trial court in *Hathon* revoked class status; however, upon reconsideration, the court recertified the class, the members of which were instead described as follows:

> All persons and entities who, from January 15, 2018, through the final order in this matter, had real property in the counties of Keweenaw, Luce, Iosco, Mecosta, Clinton, Shiawassee, Livingston, and Branch that was foreclosed upon by the State of Michigan under the General Property Tax Act, MCL 211.78, which was then subsequently sold at tax auction for an amount exceeding the minimum bid and

---

[1] The companion case is *Schafer v Kent Co*, ___ Mich ___; ___ NW3d ___ (2024) (Docket No. 164975).

who were not refunded the excess/surplus equity as described by the Michigan Supreme Court in *Rafaeli, LLC v Oakland Co*, 505 Mich 429; 952 NW2d 434 (2020). [See *Schafer*, ___ Mich at ___; slip op at 9 n 24.]

The Court of Claims stayed proceedings in the matter, pending the state's application for leave to appeal, which application was subsequently granted by this Court. This Court affirmed, holding in pertinent part that the Court of Claims did not err by certifying the class. *Hathon v State of Michigan*, 344 Mich App 387, 415; 1 NW3d 336 (2022). In July 2024, after the submission of briefs in the present case, the Michigan Supreme Court vacated portions of this Court's decision in *Hathon*, including the affirmation of the trial court's recertification of the *Hathon* plaintiffs' class, as well as Parts III(A) and (B) of this Court's opinion, and remanded to the Court of Claims for reconsideration of the plaintiff's motion for recertification in light of the Supreme Court's decision. *Hathon v State of Michigan*, ___ Mich ___; ___ NW3d ___ (2024) (Docket No. 165219); slip op at 4-5.

### C. MCL 211.78t

Claimant argues that, pursuant to MCL 211.78t, claimant was entitled to the surplus proceeds resulting from the tax sale.[2] Petitioner does not dispute that MCL 211.78t entitles claimant to the surplus proceeds, but argues that claimant, who never filed a claim in *Hathon*, was nevertheless a putative class member of *Hathon* and had not opted out of the class action. As a result, petitioner argues, claimant could not maintain the present action while being a putative class member of the action in *Hathon* at the same time, meaning the trial court's dismissal without prejudice of the present action was proper pursuant to MCR 2.116(C)(6).

In response, claimant argues that claimant never had the ability to opt out of the class in *Hathon* because that case was stayed before notice of the class action was sent to putative class members and before the judgment of foreclosure was entered in the present case. Claimant also argues that, because the defined class in *Hathon* specifically excluded claimants who had been refunded their surplus proceeds, claimant would not be a putative class member in *Hathon* if the trial court had approved claimant's motion for proceeds. In other words, claimant argues the trial court should have approved the motion for proceeds, which would have eliminated any argument by petitioner that claimant was pursuing the same claim in both actions. Finally, claimant argues that claimant fully complied with MCL 211.78t, which does not contain any provision that would support petitioner's argument that claimant cannot proceed while *Hathon* is pending.

Because the Michigan Supreme Court vacated this Court's order affirming recertification of the class in *Hathon* and remanded that case to the Court of Claims to reconsider the plaintiff's motion for recertification of class, the basis for the trial court's order for summary disposition in the present case no longer exists, i.e., plaintiff is no longer a putative member of a class certified in a class action. See *Hathon*, ___ Mich at ___; slip op at 42. Thus, in light of the Michigan

---

[2] Claimant notes that such proceeds are referred to in MCL 211.78t as "remaining proceeds," which are definitionally different from the "surplus proceeds" referenced in *Rafaeli*, but that the "remaining proceeds" are functionally equivalent to 95% of surplus proceeds.

Supreme Court's decision in *Hathon*, we hold that the trial court erred when it granted petitioner's motion for summary disposition under MCR 2.116(C)(6).

Claimant also argues that this Court should award claimant appropriate interest on the surplus proceeds, but because the issue was not raised and decided in the trial court, including whether MCL 211.78t provides for the payment of interest, we will not address that argument here. See *Challenge MFG Co, LLC v MetoKote Corp*, 345 Mich App 338, 352; 5 NW3d 83 (2023) (citation omitted).

We reverse the order granting petitioner's motion for summary disposition pursuant to MCR 2.116(C)(6) and remand to the trial court for proceedings not inconsistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Allie Greenleaf Maldonado
/s/ Randy J. Wallace